IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FRANK PAPSE, SR., on behalf of himself and all others similarly situated; and FORT HALL LANDOWNERS ALLIANCE, INC., ELI MOSHO, ERNESTINE WERELUS, ALENE AUCK MENTA, WILVERNA COVINGTON, ALETHEA WETCHIE, LEE STONE, TWILA PAHVITSE BEAR, LEE BEAR, NINO BEAR and INEZ PREACHER, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.  CV 99-052-E-BLW |
| v. | ) ) | ORDER |
| BUREAU OF INDIAN AFFAIRS, UNITED STATES DEPARTMENT OF THE INTERIOR, and GALE NORTON, Secretary, U.S. Department of the Interior, | ) ) ) ) | |
| Defendants. | ) ) ) | |

Currently pending before the Court are Plaintiffs' Motion to Compel (Docket No. 272) and Plaintiffs' Motion to Amend the Scheduling Order (Docket No. 275).  In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Court will address and resolve the pending motions before it without a hearing.  Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Order.

Order-1-

# I.

## BACKGROUND

In February 1999, Frank Papse, Sr. and Eli Mosho, as landowners on the Fort Hall Indian Reservation, filed a lawsuit against the Bureau of Indian Affairs ("BIA") and the United States Department of the Interior.  (The BIA and the United States Department of the Interior will be collectively referred to herein as "Defendants.")  The claims in the lawsuit were later amended and are now being brought on behalf of other owners of trust-land allotments on the Fort Hall Indian Reservation (collectively referred to herein as "Plaintiffs") who may have had their confidential information disclosed without their consent in violation of federal regulations and the Privacy Act.  Plaintiffs seek damages caused by the disclosure of confidential information in violation of the Privacy Act.

Plaintiffs are unsatisfied with Defendants' responses to six (6) of their discovery requests and, on February 22, 2005, they filed a Motion to Compel (Docket No. 272).  Subsequently, on March 1, 2005, Plaintiffs also filed a Motion to Amend the Scheduling Order (Docket No. 275).

# II.

## MOTION TO COMPEL

On February 22, 2005, Plaintiffs requested that the Court compel Defendants to "fully and completely respond to Interrogatory Nos. 15, 16 and 18 and to produce copies of all documents responsive to Request for Production Nos. 5, 6 and 19."  *Motion to Compel*, p. 1 (Docket No. 272).  Specifically, Plaintiffs seek information related to BIA's policies and procedures for the disclosure or non-disclosure of the landowners' personal information (Request for Production Nos. 5 and 6), as well as information related to actual disclosures of personal information

(Interrogatory Nos. 15, 16 and 18 and Request for Production No. 19).  *Memorandum in Support*, p. 2 (Docket No. 273).  Plaintiffs state that "[t]his litigation has been pending for nearly five years," and that, "[b]ased largely on the antiquated record-keeping methods employed by Defendants and the lack of organization within the Fort Hall office, every step in this case has taken an inordinate amount of time and effort."  *Id.* at 1-2.

### A.   Relevancy Standard

As a general rule, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.  Fed. R. Civ. P. 26(b)(1).  Although the information requested need not be admissible at trial, it must be reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  The Supreme Court of the United States has indicated that the definition of relevancy, for purposes of discovery, "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. . . .  Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised in the pleadings, for discovery itself is designed to help define and clarify the issues. . . .  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (internal citations omitted).

The Supreme Court of the United States has also clarified that "discovery, like all matter of procedure, has ultimate and necessary boundaries."  *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  This Court is mindful that, "while the standard of relevancy [in discovery] is a liberal one, it is not so liberal to allow a party to 'roam in the shadow zones of relevancy and to explore

matter which does not presently appear germane on the theory that it might conceivably become so.'"  *Food Lion, Inc. v. United Food & Comm'l Workers Int'l Union*, *AFL-CIO-CLC*, 103 F.3d 1007, 1012-1013 (D.C. Cir. 1997) (internal citations omitted).  In the end, however, parties are afforded a liberal right to examine documents reasonably calculated to lead to the discovery of admissible evidence.  *See e.g., Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (a broad right of discovery is based on the principle that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth).  It should be noted, however, that:

> Since decisions as to relevance to the subject matter of the action are made for discovery purposes well in advance of trial, a flexible treatment of relevance is required and the making of discovery, whether voluntary or under court order, is not a concession or determination of relevance for the purposes of trial.

1970 Amendment to Federal Rule of Civil Procedure 26(b)(1).

### B.   Unresolved Discovery Disputes

After carefully reviewing Plaintiffs' six (6) unresolved discovery requests, the Court concludes that all information sought therein is relevant to the issues in the instant action and is discoverable.  That the requested discovery is relevant also appears to be a conclusion which is ultimately conceded by Defendants.  *York Affidavit*, Exs. J-O (Docket No. 274).  The Court reminds the parties, however, that pursuant to Federal Rule of Civil Procedure 33(d), when a party wishes to respond to discovery by allowing an inspection of documents, that party must "specify the records from which the answer may be derived or ascertained," and that "specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be

Order-4-

ascertained." Fed. R. Civ. P. 33(d).  Upon reviewing the record, the Court concludes that

Defendants have not been sufficiently specific.  As a result, Defendants shall more fully respond

to Plaintiffs' discovery requests by specifying in greater detail those records from which the

requested discovery may be ascertained.  Defendants shall comply by June 3, 2005, the current

discovery deadline set in the instant action.  *Scheduling Order*, ¶ 3 (Docket No. 229).

Finally, Defendants argue that Plaintiffs have failed to comply with the meet and confer

requirements of D. Id. L. Civ. R. 37.1 because "at no time prior to the filing of the Plaintiffs'

Motion to Compel [did] the attorneys for the class attempt[ ] to schedule or request a face-to-face

meeting to review their specific concerns relating to the Defendants' discovery responses."

*Response in Opposition*, p. 1 (Docket No. 282).  It appears that all counsel are located in Boise,

Idaho, but have not made an effort to personally meet and confer to resolve discovery issues in

the instant action.  Accordingly, before any additional discovery motions are filed, the Court will

require a showing as required by Local Rule 37.1 that the parties have personally met and

conferred in an attempt to resolve the disputed discovery issues.

### III.

### MOTION TO AMEND SCHEDULING ORDER

On November 7, 2003, the Court entered a Scheduling Order in the instant action

requiring Plaintiffs to disclose their expert witnesses by March 5, 2004.  *Scheduling Order*, ¶ 5

(Docket No. 229).  On February 6, 2004, the Court amended its Scheduling Order (Docket No.

229) extending Plaintiffs' expert witness disclosure deadline to March 4, 2005.  *Order* (Docket

No. 231).  In light of the previously discussed unresolved discovery requests, Plaintiffs now

request an additional ninety (90) days in which to disclose their expert witnesses.  *Motion to*

Order-5-

*Amend Scheduling Order,* p. 11 (Docket No. 275).

The Court has required Defendants to more fully respond to Plaintiffs' unresolved discovery requests by June 3, 2005.  The Court will extend Plaintiffs' expert witness disclosure deadline until July 1, 2005.  Accordingly, Plaintiffs' Motion to Amend the Scheduling Order (Docket No. 275) is granted.

## IV.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1.     Plaintiffs' Motion to Compel (Docket No. 272) is GRANTED.

2.     Counsel are to personally meet and confer before bringing any further discovery disputes before this Court.  Also, the parties should be advised that costs and fees will be awarded for any unreasonable discovery requested, as well as any unreasonable failure to respond to reasonable discovery requests.

3.     Plaintiffs' Motion to Amend the Scheduling Order (Docket No. 275) is GRANTED in part.  Plaintiffs shall have until July 1, 2005 to disclose their expert witnesses.

4.     The May 23, 2005 hearing scheduled in this matter is hereby VACATED.

DATED:  **May 10, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

Order-6-