IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| FORT HALL LANDOWNERS ALLIANCE, INC., ELI MOSHO, and FRANK PAPSE, SR., | ) ) ) | Case No. CV-99-052-E-BLW |
| | ) | MEMORANDUM DECISION |
| Plaintiffs, | ) | AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| BUREAU OF INDIAN AFFAIRS, UNITED STATES DEPARTMENT OF THE INTERIOR, and BRUCE BABBITT, Secretary, U.S. Department of the Interior | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**INTRODUCTION**

The Court has before it Plaintiffs' Renewed Motion to Substitute Class

Representatives (Docket No. 262).  For the reasons expressed below, the Court will

grant the motion.

**BACKGROUND**

The Court has fully discussed the background of this matter in previous

**Memorandum Decision and Order - 1**

Memorandum Decisions and Orders, (Docket Nos. 146, 166 and 219).  As such,

the Court will only review the factual and procedural matters that are pertinent to

this motion.

Plaintiffs' lawsuit was brought under the Privacy Act, 5 U.S.C. §552a(b).

The class was conditionally certified by the Court on August 20, 2000, and was

originally deemed to include "all owners of trust land on the Fort Hall Indian

Reservation who had their names, addresses, and ownership information disclosed

by the Defendants in violation of the agency's federal regulations and the Privacy

Act."

For purposes of deciding this motion, it is important to note two aspects of

Plaintiffs' case that have changed over time.  First, Plaintiffs previously alleged

that Defendants had violated the Freedom of Information Act (FOIA) and had

breached their trust responsibilities.  Both of those claims have now been

dismissed, and Plaintiffs are only pursuing the Privacy Act claim.

Second, the Court originally named the Fort Hall Landowners Alliance, Inc.,

Eli Mosho and Frank Papse, Sr., as the class representatives.  The parties later

stipulated to the dismissal of the Alliance and Mr. Mosho.  Frank Papse, Sr. is

currently the only class representative.

On March 14, 2003, the Court denied, without prejudice, Plaintiff's request

**Memorandum Decision and Order - 2**

to allow the following individuals to serve as class representatives:  Ernestine

Werelus, Alene Auck Menta, Wilverna Covington, Althea Wetchie, Lee Stone,

Twila Pahvitse Bear, Lee Bear, Nino Bear, and Inez Preacher ("Proposed

Representatives").  In that decision, the Court found that the criteria required by

Rules 23(a)(3) and (4) were not satisfied.  The Court concluded that to meet those

criteria Plaintiffs must allege that the proposed class representatives suffered an

actual injury that resulted from specific Privacy Act violations, and must

demonstrate that the individual Plaintiffs would "fairly and adequately protect the

interests of the class."  That standard continues to govern Plaintiffs' renewed

motion.

## ANALYSIS

Under Rule 23, the Court's class certification order may be amended at any

time prior to a decision on the merits.  Fed. R. Civ. P.  23(c)(1).  Amending an

order to substitute class representatives is, therefore, authorized by Rule 23(c)(1).

*See Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1158 (7th Cir. 1999); 1

*Newberg on Class Actions* §2.26 (3d ed. 1992).

## 1.      Rule 23(a)(3) – Typicality

In order to satisfy the typicality requirement of Rule 23(a)(3), Plaintiffs must

demonstrate that the claims of an individual plaintiff seeking to act as class

**Memorandum Decision and Order - 3**

representative are typical of the claims of the class.  *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977).  "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Id.* (internal quotation marks omitted).  Under the Rule's permissive standards "representative claims are 'typical' if they are reasonably co-extensive with absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998); *see also Thomas & Thomas Rodmakers Inc. v. Newport Adhesives and Composites,* 209 F.R.D. 159, 165 (C.D. Cal. 2002)( typicality is a "low threshold" requirement).  The Ninth Circuit has added that the Court should resolve questions of typicality by examining "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992).

Defendants argue that the Court should deny Plaintiffs' renewed motion to substitute class representatives because it fails to provide any new information or detail any specific violations of the Privacy Act.  It is true that the Plaintiffs have not submitted new information, but they did identify allegations in their Second Amended Complaint and Declarations that they failed to identify for the Court

**Memorandum Decision and Order - 4**

previously.

Those pleadings allege (1) that the Proposed Representatives are owners of trust land on the Fort Hall Indian Reservation, (2) that their names, addresses, and land ownership information was disclosed by Defendants to Idaho Power in violation of the Privacy Act, and (3) that this violation caused injury by allowing Idaho Power to contact owners directly to obtain their consents, thereby prejudicing the owners in their ability to obtain full value for the easements.

These allegations supply the necessary detail.  The Court therefore finds that the typicality requirements of Rule 23(a)(3) are satisfied.

Defendants further argue that the Court should deny Plaintiffs' renewed motion even if the Proposed Representatives have pled specific Privacy Act violations.  This argument is based on the assertion that the Proposed Representatives' alleged injuries are inextricably tied to Plaintiffs' breach of trust responsibility claim, which has been dismissed from this action.

Again, the Court disagrees.  The Plaintiffs have alleged a Privacy Act violation and consequent injury.  This is a separate claim from the breach of trust claim, and was pled as such.  Whether Plaintiffs will be able to prove their Privacy Act claim is an issue that strikes at the merits of Plaintiffs' case.  Because it is inappropriate for the Court to look beyond Plaintiffs' allegations at this time, the

**Memorandum Decision and Order - 5**

Court declines to do so.   *Blackie v. Barrack*, 524 F.2d 891, 901 (9th Cir. 1975).

For these reasons, the Court finds that Plaintiffs have satisfied Rule 23(a)(3).

**2.      Rule 23(a)(4) – Adequacy**

The adequacy of representation requirement is closely linked to that of

typicality and commonality, and the criteria "tend to merge."  *Amchem Products,*

*Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997).   The purpose of the adequacy

requirement is to ensure that the interests of the class members will be fairly,

adequately, and competently protected by the class representatives and by class

counsel.  *Windsor*, 521 U.S. at 625.  Accordingly, the Ninth Circuit requires that

the Proposed Representatives demonstrate two things.  First, they must show that

neither they nor their counsel have conflicts of interest with the other class

members.  *Hanlon* 150 F.3d at 1020.  Second, they must demonstrate that they and

their counsel will prosecute the action vigorously on behalf of the class.  *Id.*

Here, Plaintiffs argue that the Proposed Representatives have no conflicts of

interest and are ideally situated to vigorously prosecute the action.  Plaintiffs

contend that the same allegations that satisfy the typicality criteria also satisfy the

adequacy of representation criteria.  The Court agrees.

As stated above, the Court finds the Proposed Representatives' claims to be

co-extensive with those of the other class members.  Any differences between the

**Memorandum Decision and Order - 6**

Proposed Representatives' claims and those of other class members will be minimal and will not raise conflicts of interests.  Moreover, the Court finds that because the Proposed Representatives' claims are typical of and common to the claims of the class members, the Proposed Representatives are in an ideal position to vigorously prosecute the claims on of  behalf all class members, and have every incentive to do so.

The Proposed Representatives also assert that their counsel meets the criteria of Rule 23(a)(4). Their counsel has significant class action experience and is competent to represent the entire class in this matter.  The Court found this to be true when it certified the class in its Memorandum Decision and Order dated December 20, 2000.  There is nothing in the record to indicate that counsel's representation of the Proposed Representatives will create a conflict of interest between counsel and the other class members; nor does the record reflect that such representation will diminish counsel's ability or will to prosecute the action vigorously on behalf of the entire class.  For these reasons, the Court continues to find that counsel meets the adequacy of representation requirement of Rule23(a)(4).

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision and Order - 7**

NOW THEREFORE IT IS HEREBY ORDERED that  Plaintiffs' Renewed Motion

to Substitute Class Representatives (Docket No.262) is GRANTED.

DATED:  **July 29, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 8**