IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FRANK PAPSE, SR., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>BUREAU OF INDIAN AFFAIRS, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | Civ. No. 99-0052-E-BLW<br><br>MEMORANDUM DECISION<br>AND ORDER |

## INTRODUCTION

The Court has before it a motion for partial summary judgment and a motion to decertify the class, both filed by the Government. The Court heard oral argument on April 17, 2007, and took the motions under advisement. For the reasons expressed below, the Court will deny the motion to decertify and grant in part the motion for partial summary judgment, dismissing the claims for emotional distress. The Court will not review the litigation background of this case as that is contained in prior decisions.

## ANALYSIS

**1.   Summary Judgment Standard**

**Memorandum Decision & Order – page 1**

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence

**Memorandum Decision & Order – page 2**

sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir.2001) (quoting *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

Only admissible evidence may be considered in ruling on a motion for summary judgment. *Orr v. Bank of America,* 285 F.3d 764, 773 (9th Cir.2002); *see also* Fed.R.Civ.P. 56(e). In determining admissibility for summary judgment purposes, it is the contents of the evidence rather than its form that must be considered. *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003). If the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *Id*. (affirming consideration of hearsay contents of plaintiff's diary on

**Memorandum Decision & Order – page 3**

summary judgment because at trial, plaintiff's testimony of contents would not be hearsay).

Statements in a brief, unsupported by the record, cannot be used to create an issue of fact. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). The Circuit "has repeatedly held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Beyene v. Coleman Sec. Services, Inc.,* 854 F.2d 1179, 1182 (9th Cir.1988). Authentication, required by Federal Rule of Evidence 901(a), is not satisfied simply by attaching a document to an affidavit. *Id.* The affidavit must contain testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document. *Id.*

**2.    Emotional Distress Damages**

The Privacy Act states that for certain claims, the United States shall be liable for "actual damages sustained by the individual . . . ." *See* 5 U.S.C. § 552a(g)(4). In *Doe v Chao*, 540 U.S. 614, 623 n. 12 (2004), the Supreme Court expressly declined to decide whether the phrase "actual damages" includes damages for emotional distress.

In dissent, however, Justices Ginsburg (joined by Justices Stevens and Breyer) did reach the issue, finding that "Privacy Act violations commonly cause

**Memorandum Decision & Order – page 4**

fear, anxiety or other emotional distress . . . ." *Id.* at 634. While Justice Ginsburg recognized that this harm "must be proved genuine," she also found that such "emotional distress is generally the only harm the claimant suffers . . . ." *Id.*

The parties have not cited any binding Ninth Circuit authority on the subject. While Justice Ginsburg's dissenting opinion certainly does not resolve the issue, it is highly persuasive.

Congress passed the Privacy Act in 1974, and is presumed to act "with awareness of relevant judicial decisions." *United States v. Male Juvenile*, 280 F.3d 1008, 1016 (9th Cir.2002). About eight years earlier, the Supreme Court had stated that "[i]n the 'right of privacy' cases the primary damage is the mental distress from having been exposed to public view . . . ." *Time Inc. v. Hill*, 385 U.S. 374, 386 n. 9 (1967).

Finally, this view accords with the *Restatement (Second) of Torts* § 652H, p. 401 (1976): "One who has established a cause of action for invasion of his privacy is entitled to recover damages for . . . his mental distress proved to have been suffered if it is of a kind that normally results from such an invasion . . . ."; *see also* p. 402, comment b ("The plaintiff may also recover damages for emotional distress or personal humiliation that he proves to have been actually suffered by him, if it is of a kind that normally results from such an invasion [of privacy] and it is normal

**Memorandum Decision & Order – page 5**

and reasonable in its extent.").

The Court finds these authorities persuasive, and concludes that the term "actual damages" in the Privacy Act includes damages for emotional distress.

### 3. Proof of Emotional Distress Damages

The proof of actual damages is not complex: "The proof of actual harm [for an invasion of privacy] need not be of pecuniary loss and in the case of emotional distress may be simply the plaintiff's testimony." *Restatement (Second) of Torts, supra,* at comment c. Thus, no more than the plaintiff's testimony is required to establish emotional distress damages for that plaintiff. At the same time, no less will suffice, given the requirement that "actual damages" be proven.

Plaintiffs test this latter requirement. Rather than call each of the numerous plaintiffs to testify as to their emotional distress, they intend to call a single representative plaintiff along with a few corroborating plaintiffs. Their representative plaintiff is Ernestine Broncho Werelus, the Coordinator for the Fort Hall Landowners Alliance (FHLA). She will testify that she suffered emotional distress unique to Native Americans, and that her distress "was the same or similar to that suffered by each member of the Plaintiff class." *See Werelus Affidavit* at p. 4, ¶ 12. Plaintiffs will then have five or six other Tribal members corroborate Werelus's testimony.

**Memorandum Decision & Order – page 6**

Werelus's testimony is essentially her opinion about the emotional distress suffered by other Tribal members. She has not been designated as an expert. Her opinion, to be admissible, must "not [be] based on . . . specialized knowledge within the scope of Rule 702." However, her testimony is based on specialized knowledge because, in her own words, it relies on "my work with the FHLA and my personal and intimate knowledge of the Fort Hall Indian people . . . ." *Id*. Thus, she is testifying as an expert, but cannot do so because she has never been so designated.

This process – presuming the damages of many based on the testimony of a few – was, if not explicitly rejected, at least impliedly discouraged by *Doe v. Chao*, 540 U.S. 614 (2004). The Supreme Court held that the deletion of the phrase "general damages" from the Act was "a deliberate elimination of any possibility of imputing harm and awarding presumed damages." *Id*. at p. 623. The Court went on to hold that "[t]he deletion thus precludes any hope of a sound interpretation of entitlement to recovery without reference to actual damages." *Id.*

While plaintiffs are not attempting to presume damages in precisely the same manner as the plaintiff in *Chao*, they are close enough to fall within *Chao's* proscription. Even Justice Ginsburg, in concluding that emotional distress damages were available, cited the *Restatement* comment that the damages are those

**Memorandum Decision & Order – page 7**

"[plaintiff] proves to have been actually suffered by him . . . ."  *Chao*, 540 U.S. at 634, n. 4 (quoting *Restatement (Second) of Torts, supra*, at comment b, p. 402).  She also stated that "[h]arm of this character must, of course, be proved genuine."  *Id*.

All of this accords with the common meaning of "actual damages."  It means each plaintiff must prove the actual harm he or she suffered.  Thus, each plaintiff must individually establish emotional distress.[1]  Of course, even a slight amount of distress – worth, say, only a few dollars – would entitle the victim to the $1,000 minimum award under the Privacy Act.

The Court's interpretation of the phrase "actual damages," and its reading of *Chao* along with Rules 701 and 702, prohibits Werelus from testifying about her opinion as to the emotional distress suffered by other tribal members.  The Government's motion for summary judgment specifically argued that the record was devoid of the individualized evidence necessary for emotional distress damages.  That required the plaintiffs to come forward with affidavits, depositions, or discovery responses creating issues of fact as the individualized damages suffered by each plaintiff.  *Celotex,* 477 U.S. at 324.  Plaintiffs have not done so.

---

[1] In its decision certifying the class, the Court stated that it "would expect the differences in emotional injuries to be minimal" and hence class litigation would not be unmanageable.  The Court did not hold in that decision – or any other prior to this one – that collective proof of emotional distress was admissible.

**Memorandum Decision & Order – page 8**

The Government did ask, in discovery, for information regarding each individual plaintiff's emotional distress claim. In response, the plaintiffs gave a collective answer without identifying any particular plaintiff's actual damage. Thus, these discovery responses do not provide the necessary responsive evidence to the Government's motion for summary judgment.

For all of these reasons, the Court will grant that part of the Government's motion for summary judgment seeking to dismiss claims for emotional distress damages.[2]

**4.   Loss of Rent**

The Government claims that plaintiffs' claims for loss of rent are derivative because their loss is collective rather individual in nature. The Court disagrees. The alleged lost rent is an individual loss, suffered by each allotment holder individually. Even thought the mathematical loss calculation begins with the collective loss, it follows through to establish an alleged individual loss as its final product. The Court therefore rejects this argument.

**5.   Decertification of Class**

The Court refuses to decertify the class. With the emotional distress claims

---

[2] The Court needs not reach the Government's further argument that the emotional distress claims were barred by the statute of limitations.

**Memorandum Decision & Order – page 9**

now dismissed, there is no question that the case is manageable and subject to class resolution.

**6.    Pattern and Practice Evidence**

The Court will await trial to rule on plaintiffs' attempt to establish a pattern and practice of sending out Notices for the years 1997 to 1999.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to decertify class (docket no. 351) is DENIED.

IT IS FURTHER ORDERED, that the motion for partial summary judgment (docket no. 348) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to dismiss all claims for emotional distress damages.  It is denied in all other respects.



DATED:  **April 20, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 10**