IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FORT HALL LANDOWNERS ALLIANCE, INC., ELI MOSHO, FRANK PAPSE, SR., ERNESTINE WERELUS, ALENE AUCK MENTA, WILVERNA COVINGTON, ALETHEA WETCHIE, LEE STONE, TWILA PAHVITSE BEAR, LEE BEAR, NINO BEAR, and INEZ PREACHER, on Behalf of Themselves and all others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>BUREAU OF INDIAN AFFAIRS, UNITED STATES DEPARTMENT OF THE INTERIOR, and GALE NORTON, Secretary, U.S. Department of the Interior,<br><br>　　　　　Defendants. | Case No. CV-99-52-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the Tribes' motion to reconsider and to amend scheduling order. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

**Memorandum Decision and Order – Page 1**

## STANDARD OF REVIEW

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) obvious error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v.*

**Memorandum Decision and Order – Page 2**

*Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).  "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice."  *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007).  If the motion to reconsider does not fall within one of these three categories, it must be denied.

The Court will apply this standard of review to the Tribes' motion seeking reconsideration of the dismissal of the Tribes' claim for emotional distress damages.  In this ruling, the Court held that (1) the Privacy Act allowed damages for emotional distress, (2) the Tribes could not use the affidavit of Ernestine Broncho Werelus to establish the emotional distress of other Tribal members, (3) the Privacy Act requires individualized evidence of emotional distress, and (4) the Tribes had not come forward with any individualized evidence of emotional distress, warranting the dismissal of those claims.

## ANALYSIS

1. **Fairness**

The Tribes argue that they had no fair opportunity to rebut the Government's argument, adopted by the Court, that they failed to come forward with

**Memorandum Decision and Order – Page 3**

individualized proof of emotional distress for each plaintiff.  Specifically, the Tribes assert that the Government raised this argument for the first time in its Reply Brief, giving the Tribes no rebuttal opportunity.

The Ninth Circuit has held that "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir.1996).  The purpose of this rule is obviously to prevent a party from "sandbagging" opponents by depriving them of their opportunity to respond.  Presented with arguments raised for the first time by the Government in its Reply Brief, the Tribes could have moved either to strike those arguments or to be allowed to submit additional evidence or argument in rebuttal.  *See Iconix, Inc. v. Tokuda*, 457 F.Supp. 969, 976 (N.D.Cal. 2006) (granting motion to allow filing of supplemental declarations to respond to argument raised for first time in reply brief).

The Tribes did neither.  The Government's Reply Brief was filed a month before the hearing, and yet the Tribes never moved to strike or supplement.  At the hearing, the Government again raised its argument,[1] and the Court questioned the

---

[1] At the hearing, Government's counsel argued that "there is no evidence here that any of the plaintiffs, perhaps with the exception of Ernestine Werelus, have suffered any emotional injuries as a result of any disclosures." *See Transcript* at p. 18.

**Memorandum Decision and Order – Page 4**

Tribes' counsel directly about the argument.[2]  Rather than request more time, the Tribes argued that the Werelus affidavit – filed with the Tribes' Response Brief – should stand as sufficient evidence for all plaintiffs.[3]  Indeed, Werelus stated precisely that in her affidavit: "I believe the invasion of privacy, emotional distress, that I suffered is similar or same to the other class members." *See Werelus Affidavit* at p. 2.

The Tribes gave no signal to the Court that they were being sandbagged – indeed, they seemed fully prepared at the hearing to rebut the Government's argument.  At the conclusion of that hearing, the Court took all issues under advisement, and three days later, rendered its decision.  During the interim between the hearing and the decision, the Tribes did not ask for any relief.  It was not until after the Court rendered its decision that the Tribes claimed for the first time that they were deprived a fair opportunity to respond.

The timing of the Tribe's objection drains it of persuasiveness.  It is further

---

[2] In a colloquy with the Tribes' counsel, the Court stated, "I am very, very concerned about this issue of the emotional damages . . . . [I]f we really say that actual means actual, that would suggest that every individual plaintiff has to show actual damage." *See Transcript* at p. 34.

[3] The Tribes' counsel stated that at trial, Werelus would testify about her "firsthand [observations of] emotional distress" on the part of "hundreds of her tribal members . . . " supplemented by "anecdotal evidence of several tribal members who will testify that, yes, in fact, that is what happened, and this is the emotional injury that they suffered." *See Transcript* at pp. 36, 38.

**Memorandum Decision and Order – Page 5**

weakened by the Court's consideration of this motion to reconsider, where the argument was fully aired in the Tribe's briefing. Given all these circumstances, the Court cannot find that the Tribes have been precluded from rebutting the Government's argument.[4]

## 2.   Twenty-Four Declarations & Collective Proof Issue

To carry their burden, the Tribes have submitted 24 Declarations along with their motion to reconsider. The Declarations are from 24 separate Tribal members detailing, among other things, their emotional distress.

For the reasons discussed in the Court's earlier decision, the Tribes cannot proceed with collective proof of emotional distress. The Court reaffirms its prior holding that individualized proof is necessary.

This raises the issue, however, whether the Court should reinstate emotional distress damages for at least the 24 persons who filed these Declarations. All of the Declarations were filed after the Court's decision granting the Government's motion as to emotional distress damages. The Tribes do not explain why the Declarations were filed late, other than to contend that they were sandbagged, an argument the Court rejected above.

---

[4] The Tribes renew their argument that they were lulled into complacency by the Court's class certification order that endorsed collective proof. However, the Court, in its latest decision, rejected the Tribes' argument that the class certification order endorsed collective proof, and the Court reaffirms that analysis here.

**Memorandum Decision and Order – Page 6**

Rule 56(c) required the Tribes to serve the Declarations "prior to the date of hearing." This District's Local Rule 7.1(c) contains the same requirement. This Court has the discretion to disallow late-filed declarations or affidavits. *See Western Chance v. KFC Corp.*, 957 F.2d 1538 (9th Cir. 1992) (affirming exclusion of affidavits submitted after deadline imposed in local rule). Here, the acceptance of these Declarations – and the reinstatement of emotional distress damages associated with them – would prejudice the Government as it would require the reopening of discovery about eight weeks before trial so that the Government could explore the declarants' statements. This case is now over seven years old and further delays are unacceptable. For these reasons, the Court will exclude the 24 Declarations.

### 3.    Werelus & Professor Gould

The Court reaffirms its ruling that Werelus is testifying as an expert but was never designated as such. The Tribes seek to amend the Scheduling Order to allow them to designate Werelus and Professor Gould as experts. They contend that the Government could be given about 60 days to find a rebuttal expert, the same amount of time the Government would have had if the Tribes had timely designated these two persons as experts.

However, the designation deadlines are designed to avoid this very situation

**Memorandum Decision and Order – Page 7**

where counsel must scramble on the eve of trial to find experts. For that reason, the Court will deny this request.

**4.     Conclusion**

For the reasons expressed above, the Court will deny the Tribes' motion to reconsider.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider and to amend scheduling order (Docket No. 371) is DENIED.



DATED: **July 9, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 8**